NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONICA WELLINGTON; DAVID
WELLINGTON,

Plaintiffs - Appellants,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC; MARGARET
LAKE; MTGLQ INVESTORS,
LP; ALDRIDGE PITE, LLP,

Defendants - Appellees.

No. 24-3162

D.C. No. 2:22-cv-05683-MEMF-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Monica and David Wellington appeal pro se from the district court's order

dismissing their action alleging federal and state law claims related to a foreclosure

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in New Mexico and subsequent debt collection efforts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 857 (9th Cir. 2022) (dismissal for lack of personal jurisdiction); *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (dismissal based on claim preclusion). We affirm.

The district court properly dismissed the Wellingtons' claims against defendants Margaret Lake, MTGLQ Investors, LP, and Aldridge Pite, LLP, for lack of personal jurisdiction because the Wellingtons failed to allege facts sufficient to establish that these defendants had such continuous and systematic contacts with California to establish general personal jurisdiction, or sufficient claim-related contacts with California to provide the court with specific personal jurisdiction. *See LNS Enters. LLC*, 22 F.4th at 858-59 (discussing requirements for general and specific personal jurisdiction).

The district court properly dismissed the Wellingtons' claims against Rushmore Loan Management Services, LLC, as barred by claim preclusion because their claims were raised or could have been raised in prior proceedings that involved the same parties or their privies and resulted in a final judgment on the merits. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 (9th Cir. 2017) ("[W]e determine the preclusive effect of the prior decision by reference to the law of the state where the rendering federal diversity court sits."); *Potter v.*

*Pierce*, 342 P.3d 54, 57 (N.M. 2015) (listing the elements of claim preclusion under New Mexico law).

The district court did not abuse its discretion in denying leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

Denial of the Wellingtons' motion to amend the judgment was not an abuse of discretion because the Wellingtons failed to demonstrate grounds for granting such relief. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (setting forth standard of review and grounds for granting a Rule 59(e) motion); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (explaining that we may affirm on any basis supported by the record).

**AFFIRMED.**

24-3162